**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HARP ANDREW AMAR,<br><br>                                 Plaintiff,<br><br>v.<br><br>CITIGROUP, INC., CITIGROUP GLOBAL MARKETS HOLDINGS INC., CITIGROUP GLOBAL MARKETS, INC., EVERCORE GROUP, LLC, E. THOMAS MASSEY, JOHN/JANES DOES 1-10 AND ABC CORP. 1-10,<br><br>                                 Defendants. | Civil No. 25-3784<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Superior Court of the State of New Jersey, Law Division, Somerset County<br><br>Case No. SOM-L-000342-25 |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Evercore Group, LLC ("Evercore")[1] and E. Thomas Massey ("Massey"), through undersigned counsel, hereby remove to this Court the claims asserted by Harp Andrew Amar ("Amar") in the pending action captioned *Harp Andrew Amar v. Citigroup, Inc., et al.*, Case No. SOM-L-000342-25, initially filed in the Superior Court of the State of New Jersey, Law Division, Somerset County (the "Removed Action"). In further support of this Notice of Removal, Evercore and Massey state as follows:

**Nature of the Removed Action**

1.       On February 28, 2025, Amar filed his complaint against the Evercore, Massey, Citigroup, Inc. ("Citigroup"), Citigroup Global Markets Holdings Inc. ("CGMHI"), Citigroup Global Markets, Inc. ("CGMI", together with Citigroup and CGMHI, the "Citigroup Defendants")

---

[1] This Notice of Removal and future filings will refer to Evercore as it is named in the caption for this case, although Evercore was formed as, and is registered to do business under the name, "Evercore Group L.L.C."

(all together, the "Defendants").  A true and complete copy of the complaint is attached hereto as Exhibit 1.

2.     On March 1, 2025, the Superior Court issued a track assignment notice ("Track Assignment").  A true and complete copy of the Track Assignment is attached hereto as Exhibit 2.

3.     On April 21, 2025, Amar filed an affidavit of service as to Defendant Evercore on April 3, 2025 (the "Service Affidavit as to Evercore").[2]  A true and complete copy of the Service Affidavit as to Evercore is attached hereto as Exhibit 3.

4.     On April 25, 2025, Amar served Defendant CGMI.  To date, Amar has not filed an affidavit of service as to CGMI.

5.     On April 25, 2025, Plaintiff attempted service on defendants Citigroup and CGMHI.[3]

6.     No other process, pleadings, orders, or other papers exist in the Removed Action.

**Parties to the Removed Action**

7.     Amar is domiciled in the State of New Jersey.

8.     Citigroup is incorporated in the State of Delaware and maintains its principal place of business in the State of New York.

9.     CGMHI is incorporated in the State of New York and maintains its principal place of business in the State of New York.

---

[2] Evercore respectfully contends that the attempted service on Evercore on April 3, 2025 was procedurally deficient and did not constitute proper service as to Evercore or Massey.  The filing of this Notice of Removal does not waive Evercore's or Massey's right to contest the issue of service.

[3] It is Evercore's understanding that Citigroup and CGMHI will contend this attempted service on them was procedurally deficient and did not constitute proper service on Citigroup and CGMHI. Citigroup and CGMHI will therefore likely reserve all rights with respect to lack of service and jurisdiction.

10.     CGMI is incorporated in the State of New York and maintains its principal place of business in the State of New York.

11.     Evercore is a limited liability company formed under the laws of the State of Delaware and is an indirect wholly-owned subsidiary of Evercore Inc.  Evercore Inc. is incorporated in the State of Delaware and maintains its principal place of business in the State of New York.  Evercore Inc. is a publicly held company whose shares trade on the New York Stock Exchange.

12.     E. Thomas Massey is domiciled in London, United Kingdom.

### Allegations in the Complaint

13.     The complaint in this action primarily concerns the alleged misappropriation of trade secrets, which the Defendants vigorously dispute.  In relevant part, the complaint alleges that, during a meeting with Massey, then (and now) a Senior Managing Director at Evercore, Amar solicited Massey for employment, and in support of his "candidacy" for a position, shared a PowerPoint presentation supposedly containing "confidential" and "proprietary" information relating to certain investment strategies.  *See* Compl. ¶¶ 31–38.  The complaint further alleges "on information and belief" that Massey "provided the Citi Defendants with the presentation, and that "on information and belief, the Citi Defendants misappropriated Amar's presentation.  *See* Compl. ¶¶ 71, 74.  The complaint alleges that the Citigroup Defendants' use of his presentation materials "could only have been facilitated by Massey's disclosure to his former employer and other long-time colleagues."  Compl. ¶¶ 54, 71.  The complaint does not allege that any of the Defendants' acts or omissions took place in the State of New Jersey.  *See generally* Compl.

14.     Based on these allegations, Amar asserts claims against each Defendant under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the New Jersey Trade Secrets Act,

3

N.J. Rev. Stat. § 56:15-1 *et seq.* He also asserts common law claims against each Defendant for trade secret misappropriation, unfair competition, interference with prospective economic advantage (styled as "damage"), unjust enrichment, and civil conspiracy. *See* Compl. ¶¶ 78–117. He seeks judgment awarding him unspecified compensatory damages, disgorgement of profits, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. Compl. at 16.

### Bases for Jurisdiction and Venue

15.    This case presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Amar asserts claims arising under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, for the alleged improper acquisition and unauthorized disclosure and use of his proprietary information. *See* Compl. ¶¶ 97–99 (Count Three). This action is therefore removable pursuant to 28 U.S.C. § 1441.

16.    Additionally, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441, for the following reasons:

a.    Complete diversity exists because none of the Defendants is a citizen of the same state as Amar. Specifically, Amar is domiciled in, and therefore a citizen of, the State of New Jersey. By contrast, Citigroup is a corporation with citizenship in the States of Delaware and New York. CGMHI and CGMI are corporations with citizenship in the State of New York. Evercore is a limited liability company whose sole member is a citizen of the States of Delaware and New York. Massey is domiciled in, and therefore a citizen of, the United Kingdom.

b.    The amount in controversy for this action exceeds $75,000, exclusive of interest and costs. Although Amar does not specifically state the amount of damages he seeks to recover in this action, he pleads claims for compensatory damages resulting in part from lost wages as a

senior investment banking director and disgorgement of profits based on substantial innovation-based investments. *See, e.g.*, Compl. ¶¶ 16, 31–32, 64, 111–112; *Id.* Ex. A. The amount in controversy therefore reasonably exceeds the jurisdictional threshold. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (explaining that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

17.    Pursuant to 28 U.S.C. § 1441(a), venue lies in this Court because the Removed Action is pending in a state court within this district and the Trenton vicinage.

### Other Procedural Requirements

18.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in *Harp Andrew Amar v. Citigroup, Inc., et al.*, Case No. SOM-L-000342-25, are being filed contemporaneously with the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446.

19.    Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed "within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the [complaint]" because the attached Affidavit of Service as to Evercore indicates that Evercore was purportedly served on April 3, 2025. Ex. 3. Moreover, Evercore respectfully contends that the purported service on April 3, 2025 was procedurally deficient and did not constitute proper service as to Evercore or Massey.

20.    The other defendants to this action, Citigroup, CGMHI, and CGMI, have consented to removal.

21.    Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of New Jersey, Law Division, Somerset County, and will be served upon counsel for all adverse parties to the Removed Action.

22.    This Notice of Removal does not constitute a waiver of any of the Defendants' available defenses, including without limitation as to personal jurisdiction, incomplete process, improper service of process, and improper venue, in this Court or in the court from which this action has been removed.

WHEREFORE, the Defendants remove the Removed Action from the Superior Court of the State of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey, Trenton Vicinage.

Dated:   New York, New York
         May 2, 2025

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

GIBBONS P.C.

By:    _____*s/ Noel L. Hillman*_____
                 Noel L. Hillman

Scott B. Luftglass (*pro hac vice* forthcoming)
Michael C. Keats (*pro hac vice* forthcoming)
Le G. Ho (*pro hac vice* forthcoming)
One New York Plaza
New York, New York 10004-1980
(212) 859-8000
scott.luftglass@friedfrank.com
michael.keats@friedfrank.com
le.ho@friedfrank.com

One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
nhillman@gibbonslaw.com

*Attorneys for Defendants Evercore Group LLC
and E. Thomas Massey (appearing in
reservation of all jurisdictional and
venue defenses)*